Order and judgment (one paper), Supreme Court, New York County (Cynthia S. Kern, J.), entered February 7, 2013, which denied the petition seeking to annul the determination of respondent New York City Department of Consumer Affairs, dated October 26, 2012, finding, inter alia, petitioner Cycle Stone, Inc. guilty of violating Administrative Code of the City of New York § 20-257 (b) and imposing a $4,000 fine against it in connection with the unlicensed operation of a pedicab, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, and the petition granted.
Administrative Code § 20-257 (b) provides that “[i]t shall be unlawful for a pedicab business to permit the operation of any pedicabs owned by it by a person who does not have a pedicab driver license and a motor vehicle driver’s license in full force and effect.” Petitioner Cycle Stone established that it did not “permit” the unlicensed operation of its pedicab, in violation of the statute, by demonstrating that, prior to leasing the pedicab, it was presented with a facially valid pedicab driver’s license and had no knowledge or reason to suspect that the license was not in full force and effect on the date the violation was issued.
The statute, which obligates a pedicab driver to provide a copy of the disposition of any arrest, summons, complaint, or notice of violation to the pedicab business within five days of receipt of such disposition (Administrative Code § 20-259 [i]), *537 evinces an intent to provide pedicab business owners with a defense based on a reasonable belief that the driver’s license was valid. Such intent is evidenced by, inter alia, the legislature’s provision of lack of knowledge as a defense to forfeiture of the pedicabs (see Administrative Code § 20-263 [i] [4]). In contrast, in other instances, the legislature created statutory provisions which expressly relieve respondent agency of establishing knowledge of the lack of a valid license in the analogous situation of the unlicensed operation of horse-drawn carriages (Administrative Code § 20-381 [e] [“In any prosecution of an owner for a violation of this section, it shall not be necessary to prove that the owner knew or should have known that the driver was unlicensed, and there shall be a rebuttable presumption that such cab was operated with the permission of the owner”]) and tow trucks (Administrative Code § 20-496 [c] [same]). No such statutory provision, however, has been made with respect to Administrative Code § 20-257 (b). Had the legislature intended otherwise, it could have so provided (see e.g. Administrative Code §§ 28-212.6, 28-503.3.1).
Concur—Sweeny, J.R, Acosta, Renwick, Andrias and Freedman, JJ.